BARBOUR, administratrix, *vs.* ALBANY LODGE, NO. 24, FREE AND ACCEPTED MASONS, *et al.*

Where suit was brought by an administratrix on a written contract of her intestate, and it was pleaded and shown that a bill to marshal the assets of the estate had been filed by such administratrix and a receiver had been appointed to take charge of and dispose of the property belonging to the estate, but it did not appear that the suit was brought in the name of the administratrix without the authority of the court whose officer the receiver was, and no objection was made by the court as the representative of creditors and others, or by the receiver, it was error to grant a nonsuit on the ground that the action of the administratrix was unauthorized or that she was not entitled to maintain it.

April 28, 1887.

Administrators and Executors. Receivers. Actions. Nonsuit. Before Judge BOWER. Dougherty Superior Court. October Term, 1886.

Reported in the decision.

D. H. POPE, by HARRISON & PEEPLES, for plaintiff in error.

H. MORGAN, for defendant.

HALL, Justice.

This suit was brought for the interest accruing upon the following instrument:

$100.                                ALBANY, GA., Jan. 1st, 1860.

"Received of Samuel L. Barbour, one hundred dollars, being his subscription to the building fund of Albany Lodge, No. 24, F. and A. M., and Albany Chapter, No. 15, of R. A. M., for the purpose of purchasing and fitting up the third story of Mayer's building, corner of Broad and Washington street, Albany, Ga., for masonic purposes, conditioned on the part of said lodge and chapter that they pay annually to said Samuel L. Barbour seven per cent. interest, and *pro rata* of the funds of said lodge and chapter not otherwise appropriated to the payment of principal."

The declaration alleges the amount of interest which has accrued on this contract, and for this alone suit is brought.    The declaration alleges that there were no surplus funds of the corporations for the payment of the principal, and that the defendant refused to make payment. Various pleas were filed to the suit. Among others, there is a plea alleging that this was a subscription to the buildings of the lodge and chapter; that the contract never contemplated the repayment of this money, except in one way, viz. that it was to be applied to the payment of Barbour's dues to the lodge and chapter, of which it seems he was a member, and the obligation to return it did not extend beyond the period of his life, and at his death the agreement terminated.    They also pleaded the statute of limitations, especially the act of 1869, and all other statutes having relation to the subject.    Without so stating on the face of the instrument, the official seal both of the lodge and chapter are added to the signatures of the officers; but whether it is, under the law, a sealed instrument or not, we do not now determine.    There is another plea, to the effect that the administratrix of Barbour, the plaintiff in this action, filed a bill to marshal assets belonging to his estate, and that upon the hearing of that bill, a decree was had appointing a receiver to take charge of and dis-

pose of the property belonging to this estate; and it was insisted that this suit should have been brought in the name of the receiver, and not of the administratrix. The court agreed with counsel upon that point. The plaintiff's counsel sought to obviate this difficulty by moving to amend the declaration, so that it should read, "for the use of the receiver," and proceed in his name. This amendment was objected to and disallowed by the court.

We think there was no error in refusing this amendment. In the view we take, this amendment was not necessary. It does not appear, although this property was in the hands of the receiver, that this suit was brought in the name of the administratrix without the authority of the court, whose officer this receiver was, who had, for the purpose of this administration, control of the property. At all events, no objection is heard from the court, as the representative of creditors and others, or from the receiver, and without something of that kind, it was not apparent that the action of the administratrix in instituting and prosecuting the suit was unauthorized, or that she was not entitled to maintain it; and so we think that there was error in granting a nonsuit upon this ground. As to the other questions raised by these pleas, we express no opinion, for the reason that it does not appear that they were passed upon by the court below. And as there is no decision or judgment of that court to review, we decline to consider the questions made by them.

The judgment is reversed, upon the ground that there was error in awarding the nonsuit in this case.